**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**RUSSELL W.,**

                            **Plaintiff,**

    vs.                                       **7:16-CV-00008
                                                              (MAD)**

**COMMISSIONER OF SOCIAL SECURITY,**

                            **Defendant.**

_____

**APPEARANCES:**                                    **OF COUNSEL:**

**CONBOY, MCKAY, BACHMAN &**         **LAWRENCE D. HASSELER, ESQ.**
**KENDALL, LLP**
407 Sherman Street
Watertown, New York 13601
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**   **BENIL ABRAHAM, AUSA**
Office of Regional General Counsel
Region II
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Lawrence D. Hasseler, counsel to Plaintiff Russell W., filed this Motion for Attorney's Fees, seeking fees in the amount of $3,832.52 pursuant to 42 U.S.C. § 406(b) on February 20, 2019. Dkt. No. 24-2 at 4. The Commissioner of Social Security (hereinafter "Commissioner") has submitted a letter in opposition. Dkt. No. 27. Upon review, the Court denies Plaintiff's motion as untimely.

### II. BACKGROUND

Plaintiff applied for Social Security disability benefits on February 23, 2011. Dkt. No. 24-2 at 2. Plaintiff's application was subsequently denied after a hearing before an Administrative Law Judge ("ALJ") at which Plaintiff was represented by counsel. *See id.* Plaintiff appealed the judgment to the Appeals Council, which denied the request for review. *Id.* Mr. Hasseler represented Plaintiff in his appeal to this Court, which reversed the Commissioner's decision and remanded the case for further proceedings. *Id.*

The parties subsequently stipulated to award Mr. Hasseler $4,975.75 in attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA") for his work at the district court level. *Id.* Of the amount awarded, Mr. Hasseler only received $1,148.23, as Plaintiff had unpaid obligations due to the New York State Department of Taxation and Finance that were deducted from the EAJA fees that were to be paid to Mr. Hasseler. Dkt. No. 24-6; Dkt. No. 24-2.

On remand, the ALJ found Plaintiff disabled within the meaning of the Social Security Act. *See* Dkt. No. 24-2 at 2. By Notice of Award dated April 8, 2018, the Commissioner granted Plaintiff disability benefits and withheld $13,175.25, twenty-five percent of the past-due benefits awarded, pending a decision on any application for fees by Plaintiff's attorney. *Id.* $5,850.00 was paid to Attorney Molly E. Clough, Esq., who "handled the administrative proceedings before the Commissioner." *Id.* at 2. $7,325.25 was withheld for potential fees for Mr. Hasseler. *Id.* On February 20, 2019, ten months after the Notice of Award was issued, Mr. Hasseler filed this motion pursuant to 42 U.S.C. § 406(b), seeking the remaining $3,832.52 of the $4,975.75 withheld from his fees. *See* Dkt. No. 24-2 at 3-4.

### III. DISCUSSION

Pursuant to 42 U.S.C. § 406(b), a court may award reasonable attorney's fees to a successful plaintiff's attorney, provided that those fees do not exceed twenty-five percent of the

2

past-due benefits awarded. *See Gisbrecht*, 535 U.S. at 807; *see also Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). "[B]ecause a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case." *Wells*, 907 F.2d at 371. Section 406(b) does not discredit any contingent-fee agreement between the claimant and attorney, but rather calls for judicial review of such arrangements to ensure that it yields reasonable results. *See Gisbrecht*, 535 U.S. at 807. Moreover, where fees are awarded under both § 406(b) and the EAJA, the lesser of the two amounts must be refunded to the claimant. *See id.* at 796.

To determine the reasonableness of the fee, the court must: (1) "give due deference to the intent of the parties"; (2) "determine whether the contingency percentage is within the 25% cap"; (3) "consider whether there has been fraud or overreaching in making the agreement"; and (4) consider "whether the requested amount is so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372.

Until very recently, the law in the Second Circuit was unsettled as to when a motion for attorneys' fees must be filed under Section 406(b). Some courts applied Rule 54(d)(2)(B)'s fourteen-day filing period, while others applied the "reasonable" period pursuant to Rule 60(b). *See Sinkler v. Berryhill*, 305 F. Supp. 3d 448, 452 (W.D.N.Y. 2018) (citing cases). On August 2, 2019, the Second Circuit held that motions for attorneys' fees under 42 U.S.C. § 406(b) are subject to Rule 54(d)(2)(B)'s fourteen-day filing period. *See Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019). In its ruling, the Second Circuit also held that the fourteen-day filing period is subject to equitable tolling. *See id.* "Where, as here, a Social Security claimant secures a judgment reversing a denial of benefits and remanding for further proceedings, the fourteen-day filing period is tolled until the claimant receives notice of the amount of any benefits award. That

3

is because the benefits award amount is necessary to identify the maximum attorney's fee that may be awarded under § 406(b)." *Id.*

In his supplemental affidavit in support of an award of attorneys' fees, Mr. Hasseler explains that he did not initially receive a copy of the Notice of Award dated April 5, 2018. *See* Dkt. No. 28 at ¶ 4. Mr. Hasseler claims that the "first notice [he] received to the effect that there were retroactive benefits being withheld for which [he] could apply to this Court for approval was a letter from the Social Security Administration to [him] dated November 24, 2018 and received by [his] office on November 26, 2018." *Id.* at ¶ 5. Mr. Hasseler claims that he did not receive a copy of the Notice of Award until he requested a copy from Molly Clough, the attorney who represented Plaintiff before the Social Security Administration on remand. *See id.* at ¶ 4.

Presumably, Mr. Hasseler did not receive a copy of the Notice of Award because he did not represent Plaintiff before the Social Security Administration upon remand. Had Mr. Hasseler filed his motion for attorney's fees within fourteen days of receipt of the November 24, 2018 letter from the Social Security Administration, the Court would be presented with the task of determining the proper interpretation of *Sinkler*. Under a narrow reading of *Sinkler*, such a motion may still be untimely because the Second Circuit specifically held that the fourteen-day filing period starts to run "when the *claimant* receives notice of the benefits calculation." *Sinkler*, 932 F.3d at 91 (emphasis added). The Court doubts that such a rigid interpretation would be warranted or was intended by the Circuit. Indeed, earlier in its decision, the Second Circuit indicated that the fourteen-day period begins to run "[o]nce *counsel* receives notice of the benefits award[.]" *Id.* at 88 (emphasis added). Presumably, notice is mailed to counsel of record and the claimant at the same time. Mr. Hasseler, however, was not counsel of record before the Administration and, therefore, was not immediately notified.

4

In any event, the Court does not need to decide the proper interpretation of *Sinkler* at this time. The Court does not doubt that Mr. Hasseler first learned of the Notice of Award from the Administration's November 24, 2018 letter sent to him. Given the unsettled nature of the law in the Second Circuit at the time he received the Notice of Award from the Administration, the Court believes that it was unwise of counsel to wait nearly three months to file his renewed application for attorneys' fees. Nevertheless, it is clear that even following the district court's ruling in *Sinkler*, there was considerable disagreement among the district courts in the Second Circuit concerning the proper timeline for filing Section 406(b) applications. *See Wurzer v. Commissioner of Soc. Sec'y*, No. 15-cv-6528, 2019 3821897, *3 (W.D.N.Y. Aug. 14, 2019). Courts had regularly held that four months or less was a "reasonable time" within which to file a Section 406(b) motion following a final award of benefits. *See, e.g.*, *Jenis v. Colvin*, No. 12-cv-0600, 2016 WL 6246423, *1 n.1 (W.D.N.Y. Oct. 26, 2016) (finding that a Section 406(b) motion filed four months after receipt of notice was filed "within a reasonable time").

Accordingly, based on the particular circumstances surrounding the instant application as discussed above, the Court declines to deny Plaintiff's motion on the basis of untimeliness. *See Wurzer*, 2019 WL 3821897, at *3. Counsel is now on notice, however, that future applications for attorneys' fees under Section 406(b) must be submitted within fourteen days upon receipt of notice of the amount of any benefits award.

As noted above, Plaintiff's counsel asks the Court to authorize an award of attorneys' fees of $3,827.52 pursuant to 42 U.S.C. § 406(b). *See* Dkt. No. 24-1 at ¶ 6. Counsel states in his motion that he was previously awarded fees pursuant to the EAJA totaling $4,975.75, however, he received only $1,143.23 of the fee because the remaining $3,827.52 was subject to offset by the New York State Department of Taxation and Finance. *See id.* at ¶¶ 3-4. Although counsel is

5

seeking $3,827.52 in his present application to account for the remaining fees due from his award under the EAJA, he fails to account for the fact that when the Court awards fees pursuant to Section 406(b), any attorneys' fees awarded under the EAJA must be remitted to Plaintiff. As such, an award of $3,827.52 would not result in the desired award of $4,975.75.

In the EAJA attorneys' fees application, counsel indicated that they spent a total of 25.9 attorney hours on the matter before this Court. Awarding Plaintiff's counsel the total amount sought ($4,975.75) would result in a *de facto* hourly rate of $192.11. This hourly rate is well within the range of what courts have generally considered not to be a windfall in the Northern District of New York. *See Tanner v. Commissioner of Soc. Sec'y*, No. 5:15-cv-577, 2018 WL 6521585, *2 (N.D.N.Y. Dec. 12, 2018) (finding that a total award of $8,156.50, representing an hourly rate of $339.15, was reasonable); *Rodriguez v. Berryhill*, No. 5:15-cv-1000, 2017 WL 2929470, *3 (N.D.N.Y. July 10, 2017) (holding that an effective hourly rate of $400.00, although high, was not unreasonable) (citing cases). Having found that the amount previously awarded under the EAJA and now sought under Section 406(b) is reasonable and not a windfall for counsel, the Court hereby grants attorneys' fees in the amount of $4,975.75.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for attorneys' fees is **GRANTED**; and the Court further

**ORDERS** that Attorney Lawrence D. Hasseler, Esq., is awarded the sum of $4,975.75 as fees pursuant to 42 U.S.C. § 406(b), to be paid from the amount withheld by the Commissioner of Social Security from the past due benefits awarded to Plaintiff; and the Court further

**ORDERS** that Attorney Lawrence D. Hasseler, Esq. is directed to refund to Plaintiff the sum of $1,143.23 that was previously awarded (and received) as attorneys' fees pursuant to the EAJA; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 21, 2019
      Albany, New York

*Mae A. D'Agostino*
U.S. District Judge